# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMMANUEL ADEWALE ADEYINKA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 24-1020 (UNA) |
| ) | |
| TEXAS VITAL STATISTICS ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the Court on review of *pro se* Plaintiff's application to proceed *in forma pauperis* and civil complaint. The Court GRANTS the application and, for the reasons stated below, DISMISSES the complaint and this civil action without prejudice.

The Court has reviewed plaintiff's complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than are applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff represents that, according to his Certificate of Birth, his parents' race is listed as "NEGROID."  *See* Errata (ECF No. 4) at 2.  Dozens of pages of the complaint are devoted to topics related to citizenship and discrimination.  *See generally* Compl. (ECF No. 1) at 4-44.  The complaint ends with a demand that the Texas authorities amend plaintiff's birth certificate, *see id*. at 49, consistent with Texas law, *see id*. at 46-48, and that the Court award "30.7 million for each year," *id*. at 51, since plaintiff's birth in 1980.  Missing are any factual allegations to establish this Court's jurisdiction, however.  Plaintiff appears to seek enforcement of Texas law without explaining whether or by what authority a federal court in the District of Columbia may grant the relief demanded.  Furthermore, the complaint fails to set forth a legitimate basis for monetary damages.

As drafted, the complaint fails to meet the minimal pleading standard set forth in Rule 8, and it will be dismissed.  An Order consistent with this Memorandum Opinion is issued separately.

DATE: May 8, 2024                                    AMIT P. MEHTA
                                                     United States District Judge